Thank you, Your Honor. I'm Penny Fields representing Gregory O'Neal. With me at counsel table is Assistant Federal Public Defender Laura Mate. I'd like to attempt to reserve two minutes for rebuttal if I may. If we elect you by our questions don't keep you from doing it, you got it. Thank you. The Washington Supreme Court's decision in this case was an unreasonable application of Jackson v. Virginia which required the state to prove beyond a reasonable doubt that Mr. O'Neal was armed with a firearm at the time of the manufacturing offenses. Washington law required that the state prove a nexus between the defendant, the crime, and the weapons. Specifically that the weapons were readily available for use and easily accessible and that the specific purpose of the weapons was to protect the drugs. In other words, the weapons the weapons The weapons Let me stop you. Let me stop you. Go ahead. No, it's all right. Well, the weapons were at least there was one weapon in each bedroom and there was testimony by one of the people who lived in one of the bedrooms that it was there in case he needed it. The weapons were present during the entire period that the manufacturing operation was going on. So in that light, why would it be an unreasonable determination that a rational juror couldn't find that those firearms were used to protect the drug operation? Well, Your Honor, the testimony of Jason Shear, the co-conspirator, the state's primary witness, testified about the gun in his room that it was there for no particular purpose when asked about purpose. And he also testified about the fact that he was a meth addict who was paranoid. If anything, that testimony contradicts the theory Well, part of it may, but you could believe the part that I just mentioned, which is that the gun was there in case he needed it. In case he needed it is not a specific purpose of there to protect the drugs, which is what required nexus. The state produced evidence that Mr. O'Neill was connected to the crime and he's serving time for the manufacturing offenses. And they presented evidence, affirmative evidence, that he possessed the weapons and he's serving a significant amount of time for possession. But what was actually lacking here was the evidence from which a reasonable inference that the reason why they had these weapons there was to protect the drugs. That was completely missing, as two members of the dissent in the Supreme Court decision pointed out. These were all evidence, what was presented was evidence of the presence of the weapons, which the Supreme Court has specifically held on numerous occasions is insufficient to support a firearm enhancement in a constructive possession case. This is a case, remember, where none of the defendants were armed when the police arrived. There was no evidence at all presented of their proximity to the weapons or anything that would infer that they had these drugs there to protect their weapons. And if you look at the evidence that the court relied on in making its decision, the Washington Supreme Court, for example, that Harry O'Neill stood watch, there's no evidence that there was a connection to a purpose of the weapons to protect the drugs that he was ever armed. In fact, there was contradictory evidence. He specifically was not armed. The day the case came out, there was no evidence that anyone was ever armed or ever used these weapons for that purpose. There has to be some evidence from which that inference could be drawn. This is a small mobile home out in rural eastern Washington where you have four gun owners and 20 guns, and basically the Washington Supreme Court said the reasonable inferences could be drawn basically from the presence of these guns, and that contradicts Washington law, which they have said repeatedly is not sufficient in a constructive possession case. Well, let me ask you, I guess I'm a little worried as to why you can be in my court in the first place. It doesn't seem to me that there was. First of all, your client didn't even make the appeal to the Washington Supreme Court. It was made by his co-defendants, correct? And these co-defendants, when they made the appeal, they didn't say anything about insufficiency of evidence for a federal claim, did they? They did not specifically, Your Honor. It wasn't said any place in their petition, and your client didn't make any appeal of that issue at all, and now he wants to bootstrap their appeal to the Washington Supreme Court on Washington law into a federal claim in federal court. Now why has he exhausted? He's exhausted because the Washington Supreme Court itself reached out and addressed the federal claim. Washington Supreme Court didn't say anything about a federal claim? Under Sanders v. Ryder, the Supreme Court does not have to specifically address the federal claim. They applied to Sanders. But under Sanders v. Ryder, they didn't have any attorney. All they had was a pro se litigant. They didn't have an attorney who was there, who was making the pleadings, doing what he had to do. In fact, it was a pro se person, and one might say, though one wouldn't want to really worry about what my colleagues did in Sanders, one might say they were just trying to help out this pro se person. In this case, there was an attorney all the way along, and they never said anything about a federal claim. Your Honor, that's true. There was a pro se litigant in Sanders, but that's not dispositive, and the reason that's not dispositive is that the purposes of the exhaustion requirement is to give the state court the opportunity, the first shot at applying the federal standard to the claim, and to protect that right of the state court, which the state court did in this case. And that purpose is no more satisfied if the litigant is pro se than if the litigant is represented. So therefore, under the purposes of the exhaustion requirement, there would be no reason to apply this test differently to a pro se litigant. And in fact, numerous courts that have considered that in other circuits... Who says numerous courts? Well, at least four other circuits have also held that when the state court standard and the federal standard are identical, exhaustion is satisfied whether the federal constitution is mentioned at all. That's the first... Merely essential is not... merely the same is not enough. In fact, if a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his claim is unexhausted regardless of its similarity to the issues raised in state court. Well, that's regardless of similarities, Your Honor, and that's Duncan v. Henry, which says if the tests are similar, then that is not sufficient and there has to be an explicit presentation by the petitioner or an explicit application. But what we have here is something quite different. We have an identical standard. The Jackson v. Virginia standard was explicitly adopted by the Washington State Court in State v. Green and has been consistently applied over 30 years to all sufficiency of the evidence claims. It's an identical standard. Because it's an identical standard, there would be no difference in the outcome. The analysis would be no different if one had said we're explicitly applying Jackson or we're explicitly applying a state law standard. If in fact the lawyer had simply said we're attacking this under both the Washington and federal constitution, this wouldn't be an issue. Am I not just putting my hat on and saying, oh, that's fine. You can do lazy lawyering if you want to and we'll just take it on. Well, I don't think that regardless of the quality of the lawyering, one has to look at the whole purpose of the exhaustion requirement. It's not a hurdle that's placed there just to determine whether one lawyer is better than the other or a person is represented or not. It is a doctrine that is there to protect the state's right to take a first crack at a federal claim, which the Washington Supreme Court did here and therefore exhausted Mr. O'Neill's claim. Therefore, the merits are properly before this Court. If I may, I'd like to reserve my remaining time for rebuttal. Yes. Thank you. May it please the Court. I am John Sampson, Assistant Attorney General representing the Respondent. This Court may affirm the District Court's decision based on two basis that come from the record. The Court may affirm on the merits, which Petitioner addressed first, because the State Court determination would not be an unreasonable application of Supreme Court precedent if this claim was properly exhausted. And second, the Court may affirm because the claim was not properly exhausted. Addressing the merits first, there are two deferential standards that apply here. The first is the deferential standard under EDPA 2254D that the State Court's decision must be objectively unreasonable. The second is that the evidence must be viewed in the light most favorable to the State in determining whether there was sufficient evidence. The It's my understanding there was no objection or challenge to the State Court's findings. Is that true? That's correct, Your Honor. That's correct. That's the findings of fact. Yes, Your Honor, that's correct. And the State Supreme Court said that in order to prove a nexus of the gun to the crime, it would be sufficient if the State were to prove that a loaded weapon is available in the house during the drug operation. And that was what the State proved. The State proved that a loaded AR-15 leaning against the wall was readily available to the defendant during the operation. And a jury could reasonably infer from that, and the fact that Mr. O'Neill was a convicted felon who had no lawful right to possess the firearm, so it's not a claim where he had a legitimate reason for having that weapon, the jury could reasonably infer that that weapon was there to be used to protect the drug operation. Especially when there were 20 weapons found in the house, there were night vision goggles found in the house, there was body armor found in the house, there was a person who was standing watch and who in fact approached the police and yelled at the police when they came by in one instance. A jury could reasonably infer that that weapon was there and had a nexus to the drug operation. And the State Court decision, therefore, was not objectively unreasonable. As to the exhaustion issue, I would like to point out that in Sanders v. Ryder, which Petitioner relies on heavily, there were four factors that distinguish it from this case. First, Mr. Sanders was pro se in State Court, Mr. O'Neill was represented. Second, Mr. Sanders repeatedly referred to the term ineffective assistance of counsel. And third, the Washington Supreme Court had explicitly determined that a claim of ineffective assistance of counsel is identical under the State and Federal Constitution. And fourth, and most importantly, Mr. Sanders expressly cited to the Sixth Amendment and to Strickland v. Washington in his reply brief filed in the Washington Supreme Court. None of those factors apply in this case. To the extent the issue was presented to the State Court, it was presented solely as a State Court claim. There is no State Court case that says the claim is identical under State and Federal Constitutions. In fact, the Sup ---- Kagan. Well, but it obviously, it obviously is. I mean, sure, the State didn't say, and by the way, we're applying, we are applying, Jackson, and by the way, that is identical to what the U.S. Supreme Court applies? Your Honor, this Court held in Fields v. Washington that in the absence of an affirmative statement by the Washington Supreme Court that it considers a particular State and Federal Constitutional claim to be identical rather than analogous, we will not infer that Federal claims are exhausted. And so the standard is the same standard, but the protection of the ---- Kagan. Well, but it obviously, it obviously is. I mean, sure, the State didn't say, and by the way, we're applying, Jackson, and by the way, that is identical to what the U.S. Supreme Court applies? Your Honor, this Court held in Fields v. Washington that in the absence of an affirmative statement by the Washington Supreme Court that it considers a particular State and Federal Constitutional claim to be identical rather than analogous, we will not infer that Federal claims are exhausted. They have also said, Your Honor, that the State Constitution at times in this situation may be broader. It may grant a broader protection. So it is analogous, but not necessarily identical. Here it is identical. The standard that is applied is the same standard, but the rights may actually be broader so that it may come, for instance, in the cases that I submitted in a supplemental citation of authority, Hartzell and Ortega-Martinez. In Ortega-Martinez, the Court distinguished U.S. Supreme Court case law on sufficiency of the evidence and what is required to prove unanimity on the means for which a crime is accomplished. And the State Supreme Court said State v. Green and the rights in the Constitution are actually broader than the Federal rule. So it's close, it's analogous, but they haven't said it's identical. And I would submit that this Court's holding in Havala v. Wood dealt with this particular issue, and the Court said that presentation of a State law, insufficiency of the evidence claim is not sufficient to exhaust the Federal claim. But again, this Court need not even deal with this issue since the Court may affirm on any basis, and the Court may affirm on the merits. Assuming Petitioner is correct, assuming the claim was properly exhausted, the State Court did address that claim then on the merits. The State Court reasonably determined that there was sufficient evidence. Even if Petitioner is correct that he's exhausted his claim, he's still not entitled to belief, and the Court may affirm on that basis. Unless the Court has further questions, I would ask that the Court affirm the District Court judgment. No further questions. Thank you. Thank you. Should I have a couple? You have a minute, I guess. Thank you, Your Honor. Your Honor, first I'd like to address the Ortega and Hartzell and the question whether the standards are identical. Those cases refer to other rights such as the jury trial right in Ortega. And in Ortega, it's interesting because the very next paragraph they go on and they apply the Jackson v. Virginia sufficiency of the evidence standard. Under Washington law, it's not an unremarkable proposition that sometimes constitutional rights under the state constitution are broader. But in order to determine that, a gun law analysis has got to be done. And a gun law analysis has never been done in Washington law on sufficiency of the evidence. The standards are identical, as Judge Reinmer pointed out. David Green explicitly adopted the language from Jackson v. Virginia. And to be clear, the standard for a firearm enhancement requires the state to prove more than that guns are readily accessible, easily accessible and readily available for use. The Washington Supreme Court says they have to show that. But they also have to show in the manufacturing context that the weapons are there for the specific purpose of protecting the drugs. That is an essential element of defense. And again, the evidence that was presented was nothing more than presence and also affirmative evidence that was presented that those items were there for other purposes. Moreover, the bulk of the weapons were not even shown to be easily accessible or readily available for use. And it is sort of this bootstrapping of this together without requiring proof of specific purpose that made the decision by the Washington Supreme Court an unreasonable application of Jackson. Thank you. We appreciate your argument. Case 09-35706, O'Neill v. McDonald is now submitted.
judges: Walter, Rymer, Smith N. R.